IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   Criminal Action No. 18-00082-KD |
| | ) |
| DAVID HUDGENS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the Motion to Allow Defendant to Incur Debt and to Apply Certain Expenditures Made for the Benefit of his Victim to Defendant's Restitution Obligations (doc. 39), the United States' response (doc. 42), and Hudgens' reply (doc. 44).

At present, Hudgens owes approximately $222,075.62 (balance as of late April 2022) in restitution. He is ordered to pay restitution to the Clerk of the Court (doc. 24, judgment). As best the Court can determine, Hudgens moves the Court to allow him to

a) pay $50,000.00 direct to the victim, but without credit against his restitution balance;

b) pay $167,075.62 direct to the victim, with credit against his restitution balance;

c) pay the remaining $55,000.00 ($167,075.62 + $55,000.00 = $222,075.62) through the Court on the current payment plan[1] until restitution is paid in full; and

d) borrow $260,000.00 from Janet Hudgens to make the payments of $50,000.00 and $167,075.62, and to pay certain other funds to effectuate the terms of a settlement agreement to settle the victim's civil action against Hudgens and others, based upon the same conduct that

---

[1] Hudgens' is paying $500.00 per month.  Also, $252.62 is paid from Hudgens' Social Security payment.

resulted in this criminal prosecution, pending in the Circuit Court of Baldwin County.[2]

Upon consideration, Hudgens' motion to incur debt to pay the restitution is GRANTED, in part. Approval is given to incur debt in the amount of $167,075.62 from Janet Hudgens (or any amount which Hudgens intends to pay through the U.S. District Court).

Hudgens' motion to pay $167,075.62 direct to the victim, with credit for the payment, is DENIED. Hudgens is subject to the judgment which states that "Restitution is due immediately and payable in full, and is to be paid through the Clerk, U.S. District Court." (Doc. 24). The Court finds no legal basis to amend its judgment to allow a direct payment to the victim. Hudgens relies on 18 U.S.C. § 3664(j)(2)(B) as authority for a credit against the restitution for the damages recovered by the victim under the state court settlement agreement, i.e., the $167,075.62. But that credit is available only "to the extent provided by the law of the State". Hudgens did not provide any Alabama case law to support this type of credit against his restitution. Hudgens shall pay the $167,075.62 into Court for distribution to the victim.

**DONE** and **ORDERED** this the 5th day of July 2022.

                                                        /s / Kristi K. DuBose
                                                        **KRISTI K. DuBOSE**
                                                        **UNITED STATES DISTRICT JUDGE**

---

[2] As part of this settlement, Hudgens is to make certain payments to satisfy an unrelated judgment from the Circuit Court of Jefferson County, Alabama.