IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 18-00082-KD |
| | ) |
| DAVID HUDGENS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant David Hudgens' Motion to Alter, Amend or Vacate Order (doc. 47). Hudgens moves the Court to modify, alter, or amend the order entered July 5, 2022, wherein the Court allowed Hudgens to incur a specific amount of debt to pay restitution through the Court (doc. 46). Upon consideration, the Motion is GRANTED, and the Order is amended, as set forth herein.

As background, Hudgens sought approval to borrow $260,000.00 from Janet Hudgens, make certain payments direct to the victim or on the victim's behalf to satisfy a judgment, and in return receive a credit for $167,075.62 against the restitution balance. The transactions were intended to settle the litigation against Hudgens and others in the Baldwin County Circuit Court which was based upon the same conduct as this criminal action and a judgment against the victim that was entered in the Jefferson County Circuit Court. The Court previously ordered as follows:

> Upon consideration, Hudgens' motion to incur debt to pay the restitution is GRANTED, in part. Approval is given to incur debt in the amount of $167,075.62 from Janet Hudgens (or any amount which Hudgens intends to pay through the U.S. District Court).
>
> Hudgens' motion to pay $167,075.62 direct to the victim, with credit for the payment, is DENIED. Hudgens is subject to the judgment which states that

> "Restitution is due immediately and payable in full, and is to be paid through the Clerk, U.S. District Court." (Doc. 24). The Court finds no legal basis to amend its judgment to allow a direct payment to the victim.  Hudgens relies on 18 U.S.C. § 3664(j)(2)(B) as authority for a credit against the restitution for the damages recovered by the victim under the state court settlement agreement, i.e., the $167,075.62.  But that credit is available only "to the extent provided by the law of the State".  Hudgens did not provide any Alabama case law to support this type of credit against his restitution.  Hudgens shall pay the $167,075.62 into Court for distribution to the victim.

(Doc. 47).

In the motion to amend, alter, or vacate, Hudgens states that the Court's prior order "[b]y the use of the language 'Hudgens [Defendant] *shall pay* the $167.075.62 into Court for distribution to the victim", the Order could be interpreted to *require* Defendant to borrow $167,075.62 from Janet Hudgens and pay it into Court to be paid to his victim" (doc. 47, p. 4) (emphasis in original).

Restitution ordered as part of a criminal sentence is punitive rather than compensatory in nature. Kelly v. Robinson, 479 U.S. 36, 107 S. Ct. 353, 93 L.Ed.2d 216 (1986). In Kelly, the Court observed that "[a]lthough restitution does resemble a judgment 'for the benefit of' the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution." 479 U.S. at 52, 107 S. Ct. 353.  Thus, restitution cannot be negotiated away by the victim.

Because of the foregoing and because the judgment requires Hudgens to pay restitution through the Court, the Court clarifies that it did not "require" Hudgens to borrow $167,075.62 from Janet Hudgens to reduce his restitution. Instead, the Court allowed and approved borrowing this amount.  But the Court did require that if Hudgens borrowed from Janet Hudgens to pay restitution, the $167,075.62 must be paid into Court. The Court did not approve or allow a payment to the victim.

As to a reduction or offset of restitution for a direct payment to the victim, Hudgens had cited 18 U.S.C. § 3664(j)(2)(B). The statute provides that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in ... any State civil proceeding, to the extent provided by the law of the State." (doc. 44, p. 1-2).  Hudgens argued that the civil action pending in the Circuit Court of Baldwin County by the victim and against Hudgens and others was a "State civil proceeding" to recover the same loss by the victim as in this criminal action. Thus, he argued entitlement to a reduction of restitution for funds paid to the victim to settle that action.  But the statute provides that this reduction is available "to the extent provided by the law of the State." 18 U.S.C. § 3664(j)(2)(B). In the prior order, the Court invited Hudgens to cite Alabama law (doc. 47). But he did not do so.

However, the Court's research indicates that an offset against or reduction of restitution appears to be allowed under Alabama law.   In Patterson v. State, 518 So.2d 809 (Ala. Crim. App. 1987), the Court held that no offset was allowed.   Then the Alabama Court of Criminal Appeals overruled Patterson and in so doing, appears to allow an offset or reduction when the facts warrant.  Fore v. State, 858 So. 2d 982, 990 (Ala. Crim. App. 2003) ("We also note that in Roberts the State relied on Patterson v. State, 518 So.2d 809 (Ala.Crim.App.1987), in support of its argument that under § 15-18-75, Ala. Code 1975, the appellant [defendant] was not entitled to offset the amount of restitution by the amount of the settlement paid. To the extent that Patterson is inconsistent with our holding today, it is hereby overruled.").

But the Court is still limited to allowing a reduction only for compensatory damages received by the victim for the same loss. 18 U.S.C. § 3664(j)(2)(B).   The Court is satisfied that the Baldwin County lawsuit by the victim against Hudgens and others is for the same loss.  And

if the victim verifies that she has received compensatory damages from Hudgens for this loss through a settlement, the Court will reduce the restitution by the amount received.

Hudgens also states that while the prior Order allowed him to borrow from Janet Hudgens, the Order did "not accomplish the goals of settling the State Court litigation, allowing Defendant to collaterally assign his interest in Gretch LLC to [Janet Hudgens] or giving Defendant the credit against his restitution that would give Janet Hudgens comfort that Defendant would likely be able to repay her." (doc. 46, p. 2-3).  To that end, the Court clarifies that Hudgens is allowed to collaterally assign his interest in Gretch, LLC to Janet Hudgens. However, and importantly, the Court does not approve a loan of $260,000.00 which would result in a payment to the victim of approximately $260,000.00, which would reduce Hudgens' federal restitution by only $167,075.62. And leave a balance due of approximately $55,000.00.  The Court will only allow Hudgens to incur debt for an amount that will reduce his federal restitution.  At this point, Hudgens has represented to the Court that $167,075.62 is that amount.

DONE and ORDERED this the 13th day of September 2022.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE